### 9939

### BALLENTINE v. COVINGTON.

#### (96 S. E. 92.)

INSURANCE—PREMIUM NOTES—VALIDITY.—Notes given as part of contract of insurance made by a nonresident and unlicensed agent of a foreign corporate insurer will not support recovery, since the contract is illegal and not enforceable.

Before PEURIFOY, J., Cherokee, Fall term, 1917.   Reversed.

Action by J. A. Ballentine against D. D. Covington. Judgment for plaintiff, and defendant appeals.

Statement of facts:

The respondent, a nonresident and an unlicensed agent of the Atlantic States Life Insurance Co. of Virginia, came into the State at Blacksburg, and wrote a policy of insurance on the life of the appellant, taking as the premium therefor, three notes of the appellant made payable to himself, and aggregating the sum of $29.75.   On account of a misunderstanding, the appellant returned the policy and refused to pay the notes.   Respondent then brought this action in a magistrate's Court and recovered a judgment for the entire amount.   The defendant denied liability on allegations in his answer that the notes were given as a part of a contract of insurance, made by an unlicensed agent, and that the contract was illegal and not enforceable, etc.   From the judgment of the magistrate, the appellant appealed to the Circuit Court, which Court sustained the

magistrate, overruled the exceptions, and dismissed the appeal. From this judgment this appeal is taken.

*Messrs. Butler & Hall,* for appellants, cite: Article I of chap. XLV, Code of Laws, 1912, secs. 2710-2711; Crim. Code, 1912, sec. 889; 20 S. C. 430; 51 Ga. 150, 155; 9 Cyc. 478; 3 Daly (N. Y.) 409; 44 S. C. 227; Code of Laws, 1912, secs. 2704 and 2709; Ency. Law 1004, 1005, and notes.

*Mr. N. W. Hardin,* for respondent. (Oral argument.)

March 25, 1918.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action by plaintiff against the defendant in magistrate's Court on three notes aggregating the sum of $29.75. The defendant admitted the execution of the notes, but set up as a defense that the plaintiff obtained the notes as premiums for a policy of insurance on the life of the defendant; that the plaintiff was a nonresident and an unlicensed agent of the Atlantic States Life Insurance Company of Virginia and came in the State of South Carolina at Blacksburg and obtained the insurance without complying with the law of South Carolina. The defendant returned the policy and refused to pay the notes. Plaintiff brought suit in the magistrate's Court and recovered judgment for the full amount claimed. The defendant interposed the defense that the notes were given as a part of contract of insurance made by an unlicensed agent, and that the contract was illegal and not enforceable. An appeal was taken from the judgment of magistrate's Court, and the Circuit Court affirmed the judgment of the magistrate's Court. From this judgment defendant appeals and seeks reversal.

The judgment should be reversed. The contract of insurance was made in violation of law, and this Court will not lend its aid to enforce a contract made in violation of

law.   The object of the insurance statutes are not for revenue only, but to protect the public from fraud and imposition and not to allow unfit and improper persons to solicit insurance for companies whose solvency is doubtful and the persons insured are not getting the protection paid for.     In this case we will leave the parties where we find them, and decline to enforce the contract.

The judgment is reversed.